<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GABINO VASQUEZ SANTIAGO and FAUSTO VASQUEZ LUIS** individually and on behalf of others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**LUCKY LODI BUFFET INC. (d/b/a/ LODI BUFFET), et al.,**<br><br>*Defendants.* | Civil Action No. 15-6147<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiffs Gabino Vasquez Santiago and Fausto Vasquez Luis's ("Plaintiffs") motion for default judgment against Defendants Lucky Lodi Buffet Inc. (d/b/a Lodi Buffet) and Lodi International Buffet Inc. (together, "Lodi Buffet"), and individual Defendants Li Song Zhou, Yi Chow, and Sue Ye (together, "Individual Defendants") pursuant to Federal Rule of Civil Procedure 55(b).[1]  Dkt. No. 17.  For the reasons set forth herein, the motion is **GRANTED**.

**I.   BACKGROUND**

This matter arises from Plaintiffs' claims for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.

Plaintiffs are former employees of Defendant Lodi Buffet, a restaurant located in Lodi, New Jersey.  Compl. ¶ 1.  Individual Defendants Mr. Zhou, Mr. Chow, and Mr. Ye are joint

---

[1] Defendants Rong Jian Li and Robert Spengler have been voluntarily dismissed from this action. Dkt. Nos. 12, 16.  Plaintiffs do not pursue default judgment against them.

1

owners, officers, and agents of Lodi Buffet. Id. ¶¶ 21-22, 24. Mr. Luis worked at Lodi Buffet from June 2013 to July 24, 2015 while Mr. Santiago worked there from July 2014 until 2015. Id. ¶¶ 13, 16, Dkt. No. 1; see also Pls.' Br. in Support of Motion for Default Judgment ("Pls.' Br.") at 3, n.2, Dkt. No. 17-1. Plaintiffs' tasks included washing dishes, acting as a porter, preparing salads, and other buffet-related tasks. Compl. ¶ 37. Plaintiffs allege that for the duration of their employment, they were required to work in excess of 40 hours a week, averaging 72 hours a week. Id. ¶¶ 42-43. Plaintiffs typically worked from 10:30 AM to 10:00 PM four weekdays per week, and from 10:30 AM to 11:30 PM on Fridays and Saturdays. Id. ¶¶ 43, 52. Mr. Luis received an initial salary of $1600 a month in June 2013, which gradually increased to $2050 a month by the end of his employment in July 2015. Declaration of Fausto Vasquez Luis ("Luis Decl.") ¶¶ 12-20, Dkt. No. 17-3. Mr. Santiago received a salary of $1500 a month for the duration of his employment. Declaration of Gabino Vasquez Santiago ("Santiago Decl.") ¶ 12, Dkt. No. 17-4.

Plaintiffs received no overtime pay. Luis Decl. ¶ 21; Santiago Decl. ¶ 13. Plaintiffs assert that they were not provided with any documentation that reflected the hours they worked of their hourly rate of pay. Santiago Decl. ¶ 14; Luis Decl. ¶ 22. Plaintiffs further assert that they were never provided with written information regarding minimum wage and overtime requirements under federal law. Luis Decl. ¶ 23; Santiago Decl. ¶ 15.

Plaintiffs filed a complaint on August 12, 2015, asserting violations of the FLSA. They seek to represent a class of similarly situated individuals. Id. ¶ 37. All Defendants were served on October 23, 2015. See Pls.' Affs. of Service, Dkt. Nos. 3-9. The Clerk entered default against Defendants on December 14, 2015. Dkt. No. 15. Notably, Defendants have filed no response to this motion and nothing whatsoever in this action.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Sav. Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. ANALYSIS

### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over the Defendants. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C § 216(b). The Court also has personal jurisdiction over Defendants. Lodi Buffet are corporations organized and existing under the laws of New Jersey. Compl. ¶¶ 19-20.

Individual Defendants were served pursuant to Fed. R. Civ. P. 4(e) in New Jersey through an agent authorized to accept service on their behalf. See Affidavits of Service, Dkt. Nos. 3, 8-9.

### B. Liability

Plaintiffs have pled an FLSA claim against Lodi Buffet and Individual Defendants. Under the FLSA, employees must be paid one and a half times their "regular rate" of pay for each hour worked in excess of 40 hours a week against an employer. 29 U.S.C. § 207(a)(1). In order to state an FLSA overtime claim, a plaintiff must allege "forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 242 (3d Cir. 2014) (internal citations omitted). Here, Plaintiffs have pled that they worked an average of 72 hours a week, occasionally even working 83.5 hours a week. They allege that they did not receive any overtime pay for the excess hours over 40 hours a week.[2]

The FLSA also provides for individual liability against employers. The FLSA defines "employer" as "any person acting directly or indirectly in the interests of an employer in relation to an employee." 29 U.S.C. § 203. "Courts employ a broad interpretation of 'employer' within the context of the FLSA as to 'effectuate the FLSA's liberal, remedial purposes.'" Juan Su v. Guang Yang Li, No. 10-5268, 2011 WL 3329882, at *4 (D.N.J. Aug. 1, 2011). The determination of employer status depends on control. Fermin, 93 F. Supp. 3d at 25. Factors to consider include whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and

---

[2] For purposes of a default judgment, the Court may rely on allegations in the pleadings and Plaintiffs' sworn affidavits. Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 29 (E.D.N.Y. 2015) ("On a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the plaintiff's complaint, except for claims relating to damages.").

method of payment, and (4) maintained employment records. Id. (citing Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir.1999)).

Here, Plaintiffs have alleged that Individual Defendants exercised control over the terms and conditions of Plaintiffs' employment. Individual Defendants "determined the wages and compensation of the employees, . . . established the schedules of employees, maintained employee records, and had the authority to hire and fire employees." Compl. ¶¶ 21-22, 24. Accordingly, Plaintiffs have stated a claim against all Defendants.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that Plaintiffs will suffer prejudice absent entry of default judgment as Plaintiffs will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint and Defendants are not infants, otherwise incompetent, or presently engaged in military service. See Affidavits of Service, Dkt. Nos. 3, 8-9; Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014 WL 4388697, at *2 (D.N.J. Sept. 4, 2014); see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

5

### D. Monetary Damages

Plaintiffs first seek lost overtime wages of $23,850 for Mr. Santiago and $59,865 for Mr. Luis. Employers who violate the FLSA's provisions are liable to the affected employees for the amount of their unpaid overtime compensation. 29 U.S.C. § 216(b). To recover overtime compensation under the FLSA, "an employee . . . must show the amount and extent of his overtime work as a matter of just and reasonable inference." Davis, 765 F.3d at 241. In light of the FLSA's remedial purposes, an employee can meet his burden to establish that he performed work for which he was not properly compensated "through estimates based on his own recollection." Santillan v. Henao, 822 F. Supp. 2d 284, 294 (E.D.N.Y.).

Here, Plaintiffs allege that they routinely worked 72 hours a week, while only receiving payment for 40. They support their allegations with affidavits that detail the length of their shifts, the relevant weeks worked, and the amount of pay received. They also note that they were not given any documentation of their hours or wages.

The exact amount of overtime wages owed to Plaintiffs is based on his "regular rate," or his rate per hour. 29 C.F.R. § 778.109. Where, as here, employees were paid a monthly salary, the regular rate is calculated by dividing the salary by 40 hours a week. Id. Lawful pay is then calculated by taking the greater of the Plaintiff's actual regular rate or the proper pay based on a regular rate at the federal minimum, $7.25 an hour. Id. § 778.109-113(a). Here, Plaintiffs' actual regular rate, based on their alleged monthly pay, exceeds $7.25 an hour. Therefore, the amount of overtime wages owed to Plaintiffs equals: [the number of hours worked overtime] X [the employee's regular rate] x 1.5.

Plaintiffs provide a chart that performs the above calculation. See Declaration of Michael Faillace ("Faillace Decl."), Ex. B, Dkt. No. 17-7. For instance, the chart shows that Mr. Santiago's

regular rate was $9.38 an hour because he was paid $1500 a month, and $1500 divided by 40 hours a week is $9.38 an hour. As such, he was entitled to an overtime rate of $14.06 per hour for 32 hours a week, or $450 a week. Mr. Santiago alleges that he worked for 53 weeks at the same rate of pay, and never received overtime pay. Accordingly, he is entitled to a judgment of $450 a week multiplied by 53 weeks, which totals $23,850.00.

The chart performs the same calculation for Mr. Luis. The Court finds no error in Plaintiffs calculations, and therefore finds that Mr. Santiago is owed $23,850.00 and Mr. Luis is owed $47,700.00 in actual damages.

Plaintiffs next seek liquidated damages of $23,850 for Mr. Santiago and $59,865 for Mr. Luis. The FLSA provides for liquidated damages in the same amount as an employee's actual damages. 29 U.S.C. § 216(b). An employee is entitled to liquidated damages unless the employer shows its actions were "in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA, and the district court finds liquidated damages unwarranted. Brock v. Claridge Hotel & Casino, 846 F.2d 180, 187 (3d Cir. 1988) (citing 29 U.S.C. §§ 216(b), 260). As Defendants have failed to appear, presenting no evidence regarding good faith, the Court must award liquidated damages.

Lastly, Plaintiffs also seek attorneys' fees and costs totaling $13,328.20. The FLSA authorizes "a reasonable attorneys' fee to be paid by the Defendant, and costs of the action" to a prevailing plaintiff. See 29 U.S.C. § 216(b). The Third Circuit uses the "lodestar" formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177-78 (3d Cir. 2001) (internal citations omitted). "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel

7

is entitled." Id. (internal citations omitted). To determine whether a plaintiff's requested rate is reasonable, a court must look to the prevailing market rates of the relevant community. Blum v. Stenson, 465 U.S. 886, 895 (1984). Pursuant to the lodestar analysis, "time expended is considered 'reasonable' if the work performed was 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 560 - 561, (1986).

Here, counsels' declaration and billable hours invoices detail the attorneys' fees and costs and the basis for the hourly rates. See Faillace Decl. ¶¶ 12-13; Faillace Decl. Ex. C, Dkt. No. 17-8; Declaration of Bennet D. Zurofsky ("Zurofsky Decl.") ¶¶ 2-3, Dkt. No. 17-9; Zurofsky Decl. Ex. A, Dkt No. 17-10. The invoices show reasonable hourly rates of $450.00 for Mr. Faillace, $375.00 for his associate, and $450.00 for Mr. Zurofsky. Mr. Faillace and Mr. Zurofsky each have over thirty years of experience in employment law. Mr. Faillace's associate has also specialized in employment law since graduating law school in 2012. Further, a line-by-line review of the counsels' billing statement shows that the attorneys spent a reasonable amount of time on this case. The attorneys' work on this case are not duplicative. Mr. Faillace's firm spent a total of 15.90 hours drafting the complaint, researching restaurant ownership, drafting the default judgment motion, and working on the voluntary dismissals. Mr. Zurofsky assisted with drafting the complaint and default judgment motion and appeared to take the lead in service of process. As such, the Court finds that it is reasonable to award Plaintiffs $6,592.20 for Mr. Faillace's work and $6,736.00 for Mr. Zurofsky's work.

Based upon the foregoing, judgment shall be entered against Lodi Buffet and Individual Defendants for: (1) $167,430.00 in damages; and (2) $13,328.20 in attorneys' fees and costs.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for final judgment by default against Defendants Lodi Buffet, Li Song Zhou, Yi Chow, and Sue Ye is **GRANTED**. An appropriate order accompanies this opinion.

**Dated: October 19, 2016**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**
